Filing # 139072245 E-Filed 11/23/2021 12:40:27 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA.

MAJOR CONCRETE, LLC,

    Plaintiff,

v.

PNC FINANCIAL SERVICES GROUP, INC., successor by acquisition of BBVA USA BANCSHARES, INC.,

    Defendant.

_____/

Case No.:_____

## COMPLAINT FOR INJUNTIVE RELIEF AND MONEY DAMAGES

    Plaintiff, MAJOR CONCRETE, LLC ("Major Concrete"), by and through the undersigned counsel, hereby files this Complaint against Defendant, PNC FINANCIAL SERVICES GROUP, INC. ("PNC"), successor by acquisition of BBVA USA Bancshares, Inc., and alleges as follows:

### Jurisdiction and Venue

    1.    Major Concrete is a Florida limited liability company, with its principal place of business in Duval County, Florida.

    2.    PNC is a foreign corporation that regularly conducts business in Florida.

    3.    PNC is the successor by acquisition of BBVA USA Bancshares, Inc. and BBVA USA ("BBVA").

    4.    Compass Bank ("Compass") at all relevant times was a wholly owned subsidiary of BBVA.

    5.    Venue is proper in Duval County, and this Court has jurisdiction over the parties, pursuant to the choice of venue provisions in the relevant contract documents, because the cause

of action accrued in Duval County, and because PNC maintains an office for the transaction of its customary business in Duval County.

## General Allegations

6. On or about April 26, 2018, Compass loaned Major Concrete $1,094,624.00 (the "2018 Loan.") As collateral for the 2018 Loan, Compass placed first liens on a number of vehicles, including two Kenworth commercial motor vehicles with VIN numbers 1NKZLJ0X2JJ224608 and 1NKZLJ0X4JJ224609. The relevant Loan Documents which compromise the contractual agreement for the 2018 Loan are attached hereto as **Exhibit A.**

7. On or about February 20, 2020, BBVA loaned Major Concrete $180,000.00 (the "2020 Loan.") As collateral for the 2020 Loan, BBVA placed a first lien on a Western Star commercial motor vehicle with the VIN number 5KKHAXFE1LPMA2367. The relevant Loan Documents which compromise the contractual agreement for the 2020 Loan are attached hereto as **Exhibit B.**

8. On February 23, 2021, Major Concrete satisfied the 2018 Loan in full.

9. On March 25, 2021, Major Concrete satisfied the 2020 Loan in full.

10. Despite the complete satisfaction of the 2018 and 2020 Loans, PNC has failed to release the liens on the three aforementioned motor vehicles with VIN numbers 1NKZLJ0X2JJ224608, 1NKZLJ0X4JJ224609 and 5KKHAXFE1LPMA2367 (collectively the "Wrongfully Encumbered Motor Vehicles") to date.

11. There are no other liens or encumbrances on the Wrongfully Encumbered Motor Vehicles.

12. Major Concrete has made repeated demands to PNC to release the liens on all motor vehicles that were secured by any loans that have been satisfied. Major Concrete made such

demands to counsel for PNC and BBVA on August 23, 2021; August 25, 2021; and September 14, 2021.

13. On September 14, 2021, counsel for BBVA and PNC advised that the liens on Major Concrete's vehicles had been released.

14. Subsequent lien searches through the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") revealed that six motor vehicles, including the Wrongfully Encumbered Motor Vehicles, still had first liens in favor of PNC, BBVA, and/or Compass.

15. Major Concrete again made repeated demands that PNC and BBVA provide Major Concrete with lien releases/satisfactions of lien for the Wrongfully Encumbered Motor Vehicles, including correspondence on September 28, 2021; October 22, 2021; November 1, 2021; and November 8, 2021.

16. On October 20, 2021, PNC sent Major Concrete correspondence that asserted that "there are no outstanding liens on any motor vehicles owned by [Major Concrete]." While the liens were released on three of Major Concrete's motor vehicles, to date there are still liens recorded in favor of Compass or BBVA on the Wrongfully Encumbered Motor Vehicles.

17. PNC has not provided Major Concrete with lien releases/satisfactions of lien for the Wrongfully Encumbered Motor Vehicles to date.

18. To date, lien searches through the FLHSMV reveal that the Wrongfully Encumbered Motor Vehicles still have first liens in favor of BBVA or Compass.

19. As successor by acquisition of BBVA, PNC acquired all outstanding BBVA and Compass loans and is responsible for releasing the liens which encumber the Wrongfully Encumbered Motor Vehicles and providing Major Concrete with the requested lien releases/satisfactions of lien.

20. Florida Statute § 319.24(5)(a) provides that "Upon satisfaction of any first lien or encumbrance recorded at the department, the owner of the motor vehicle or mobile home, as shown on the title certificate, or the person satisfying the lien shall be entitled to demand and receive from the lienholder a satisfaction of the lien. If the lienholder, upon satisfaction of the lien and upon demand, fails or refuses to furnish a satisfaction thereof within 30 days after demand, he or she shall be held liable for all costs, damages, and expenses, including reasonable attorney's fees, lawfully incurred by the titled owner or person satisfying the lien in any suit brought in this state for cancellation of the lien."

**Permanent Injunction and Monetary Damages Pursuant Florida Statute § 319.24(5)(a)**

21. Major Concrete realleges the allegations in paragraphs 1-20 as if fully set forth herein.

22. Major Concrete has a legal right to own the Wrongfully Encumbered Motor Vehicles clear of any encumbrances imposed by PNC.

23. There is no adequate remedy at law which will provide Major Concrete with clear title to the Wrongfully Encumbered Motor Vehicles.

24. Major Concrete is suffering from irreparable harm as it has been unable to obtain clear title to the Wrongfully Encumbered Motor Vehicles.

25. The injury suffered by Major Concrete, namely its inability to enjoy the use of its motor vehicles without encumbrance, outweighs any threatened harm that may be caused to PNC as PNC no longer has any legal basis to maintain liens on the Wrongfully Encumbered Motor Vehicles.

26. The proposed injunction will not disserve the public interest.

27. Major Concrete has established a substantial likelihood of success on the merits.

28. Major Concrete has satisfied the 2018 and 2020 liens on the Wrongfully Encumbered Motor Vehicles.

29. It has been more than 30 days since Major Concrete first demanded that PNC produce the satisfactions of lien for the Wrongfully Encumbered Motor Vehicles.

30. PNC has failed or refused to provide Major Concrete with satisfactions of lien for the Wrongfully Encumbered Motor Vehicles, thereby causing Major Concrete to suffer damages.

WHEREFORE, Plaintiff, Major Concrete, respectfully demands that the Court enter an Order (a) requiring PNC to immediately complete FLHSMV approved satisfactions of lien for the Wrongfully Encumbered Motor Vehicles, provide copies of same to Major Concrete, and forward the completed satisfactions of lien to the FLHSMV; (b) awarding Major Concrete its costs, damages, and expenses, including reasonable attorney's fees, pursuant to Florida Statute § 319.24 (5)(a); and (c) granting any such other relief that the Court deems just and proper.

DATED this 22th day of November, 2021.

**MURPHY & ANDERSON, P.A.**

*/s/ David R. Sutton*
**GEDDES D. ANDERSON, JR.**
Florida Bar No. 0138894
ganderson@murphyandersonlaw.com
pmarchman@murphyandersonlaw.com
**DAVID R. SUTTON, III**
Florida Bar No. 1018980
dsutton@murphyandersonlaw.com
1501 San Marco Boulevard
Jacksonville, FL 32207
904-598-9282 (phone)
904-598-9283 (fax)
*Attorneys for Major Concrete, LLC*
